(128 So. 786)

## McCARTY et al. v. YARBROUGH.

### 6 Div. 494.

Supreme Court of Alabama.

May 29, 1930.

See, also, 218 Ala. 705, 118 So. 921.

Ernest Matthews, of Birmingham, for appellants.

Amzi G. Barber, of Birmingham, for appellee.

SAYRE, J.

The object of appellee's bill was to vacate and annul a decree against himself on a supplemental answer and cross-bill which appellants had pleaded in answer to appellee's original bill. In his original bill appellee sought to have set aside a conveyance of realty by appellant W. C. McCarty to his wife, Mary Frances, the other appellant, and subject the same to the satisfaction of a judgment at law which appellee had recovered against W. C. McCarty.

The facts averred may be stated briefly as follows:

October 9, 1927, appellee had recovered judgment in the circuit court in which his damages had been assessed at $1,500.

March 13, 1928, appellee had filed his bill to subject the realty therein described to the payment of his judgment.

April 17, 1928, defendants in that cause demurred.

July 3, 1928, defendants answered, denying the averments of the bill.

December 15, 1928, the cause was set down for hearing and the examination of witnesses in open court on January 25, 1929.

September 1, 1928, defendants named in appellee's bill filed their supplemental answer and cross-bill, that is, appellants' counsel had it marked filed in the register's office and immediately withdrew it, leaving in the register's office no record of its filing or contents. In their cross-bill appellants charged that appellee's judgment at law had been procured

by fraud, in that appellee and another person of the same name had conspired to procure it by false testimony.

October 2, 1928, appellants procured one of the judges of the circuit court, sitting in equity, to sign a decree pro confesso on their cross-bill. This decree was filed with the register.

October 3, 1928, appellants procured a final decree vacating and annulling appellee's judgment.

The averment of appellee's bill is, in effect, that he had no notice or information as to the movement against his judgment during its pendency; that the supplemental answer and cross-bill and the decree pro confesso were withheld from the office of the register until January 3, 1928, by which, as the context shows. appellee intended January 3, 1929, nor was the purported final decree filed in the office of the register, nor did appellee have notice of its rendition until February 21, 1929— all this, as the bill avers, through the intentional and fraudulent wrong of appellants or persons representing them.

"Complainant [appellee] further avers that he has a good and meritorious defense to said supplemental answer and cross-bill and that complainant was diligent in the prosecution of said cause, but was deprived of the right to prosecute said cause on its merits because of the fraud and deception used therein by respondents or their attorney of record."

The decree overruling appellants' demurrer to appellee's bill herein is assigned for error. One ground only of that demurrer is argued on this appeal, viz. that appellee failed to allege that he had a meritorious defense against appellants' supplemental answer and cross-bill. That ground alone has had consideration on this appeal.

Noting the provision of the statute, section 6636 of the Code, that "the court shall not have the power to open or set aside any final decree after the lapse of thirty days from the date of its rendition"—meaning, as we assume, that after thirty days the term shall be at an end so far as concerns the discretionary control of its decrees by the court—and the necessity thereby created that appellee should bring his bill to vacate and annul the same, the judgment here is that appellee's bill was well framed notwithstanding its lack of averment in detail of appellee's good and meritorious defense against appellants' supplemental answer and cross-bill. That alleged defect in the bill is supplied by the averment of appellee's original bill that appellee had recovered in the circuit court the judgment for the enforcement of which he was then invoking the aid of the chancery jurisdiction of the court, which judgment, the bill further avers, had been recorded as provided by statute. The averment that appellee had a valid judgment, against which appellants' supplemental answer and cross-bill was directed, was averment enough that appellee had a good and meritorious defense to that cross-bill. "The rule whereby a party seeking affirmative aid * * * against a void judgment is required to disclose a meritorious defense * * * does not apply in a case where the plaintiff is himself seeking affirmatively to enforce such judgment." Campbell Printing Press v. Marder, 50 Neb. 283, 69 N. W. 774, 61 Am. St. Rep. 573; 5 Pom. Eq. Jur. § 2088, note. In this case, as we have shown, appellee is seeking by his bill to enforce a judgment rather than seeking to avoid a judgment, as was the case in numerous adjudications that might be cited.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.